

**IN THE
TENTH COURT OF APPEALS**

───────────

**No. 10-19-00070-CV**

**IN THE INTEREST OF E.K. AND C.K.,
MINOR CHILDREN**

───────────

**From the 85th District Court
Brazos County, Texas
Trial Court No. 17-001881-CV-85**

───────────

## MEMORANDUM  OPINION

───────────

Jesse K. appeals from the trial court's judgment that terminated the parent-child relationship between him and his children, E.K. and C.K.[1]  After hearing all the evidence, the jury the jury found by clear and convincing evidence that the parental rights of Jesse K. should be terminated.  The trial court signed an order of termination in accordance with the jury verdict.  We affirm.

In presenting this appeal, counsel for Jesse K. filed a brief pursuant to *Anders v. California* asserting that he has conducted a review of the record and found no arguable

───────────

[1] The mother of the children is not a party to this appeal.

issues to raise on appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

The brief filed meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal. Additionally, Jesse K.'s attorney advised him that he had filed the brief pursuant to *Anders*, that Jesse K. had the right to review the record and file a pro se response on his own behalf, and provided Jesse K. with a copy of the record. Jesse K. filed a response asking this Court to overturn trial court's order terminating his parental rights to E.K. and C.K. Jesse K. complains that the Department used false evidence during the jury trial and that the Department did not seek the best interest of the children.

The order of termination recites that the jury was given the following instruction with respect to Jesse K.:

> For the parent-child relationship in this case to be terminated with respect to [Jesse K.], the father of the children, [E.K. and C.K.], it must be proven by clear and convincing evidence that at least one of the following events has occurred:
>
> 1. [Jesse K.] knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endangered the physical or emotional well-being of the child.
> 2. [Jesse K.] engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the physical or emotional well-being of the child.
> 3. [Jesse K.] failed to comply with the provisions of a court-order that specifically established the actions necessary for the parent to obtain the return of the child who had been in the permanent or temporary managing conservatorship of the Department of Family and Protective

Services for not less than nine months as a result of the child's removal from the parent.

In addition, it must be proven by clear and convincing evidence that termination of the parent-child relationship would be in the best interest of the child. Some factors to consider in determining the best interest of the child are:

1. the desires of the child;
2. the emotional and physical needs of the child, now and in the future;
3. the emotional and physical danger to the child, now and in the future;
4. the parenting ability of the individuals seeking custody;
5. the programs available to assist those individuals to promote the best interest of the child;
6. the plans for the child of those individuals or by the agency seeking custody;
7. the stability of the home or proposed placement;
8. the acts or omissions of the parent that may indicate that the existing parent-child relationship is not a proper one; and
9. any excuse for the acts or omissions of the parent.

The jury found that the parent-child relationship between Jesse K. and E.K. and C.K. should be terminated.

In the *Anders* brief, counsel analyzes the legal and factual sufficiency of the evidence to support termination. Counsel acknowledges that only one statutory ground is necessary to support an order of termination in addition to a finding that termination is in the children's best interest. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). Counsel further evaluates the legal and factual sufficiency of the evidence to support a finding that termination was in the best interest of the child. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of an appellate counsel.

Due process requires application of the clear and convincing standard of proof in cases involving involuntary termination of parental rights. *In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002). Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See* TEX. FAM. CODE ANN. § 101.007 (West 2008). *See also In re C.H.*, 89 S.W.3d 17, 25-26 (Tex. 2002).

The Family Code permits a court to order termination of parental rights if the petitioner establishes one or more acts or omissions enumerated under subsection (1) of the statute and also proves that termination of the parent-child relationship is in the best interest of the child. *See* TEX. FAM. CODE ANN. § 161.001 (West Supp. 2018); *Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). We agree with counsel's evaluation that there is clear and convincing evidence to support termination under Section 161.001(b)(1) against Jesse K.

Notwithstanding the sufficiency of the evidence to support termination under section 161.001 (b) (1), we must also find clear and convincing evidence that termination of the parent-child relationship was in the children's best interest. *See* TEX. FAM. CODE ANN. § 161.001 (b) (2). Evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *See In re C.H.*, 89 S.W.3d at 28. There is a long-standing non-exhaustive list of

factors for a court to consider in deciding the best interest of a child in a termination case. *See Holley*, 544 S.W.2d at 371-72.

We agree with counsel's evaluation that there is clear and convincing evidence under the appropriate legal and factual sufficiency standards for the jury to have determined that termination of the Jesse K.'s parent-child relationship was in the best interest of E.K. and C.K.

Upon receiving a "frivolous appeal" brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988); *see also In re M.A.R.*, No. 10-10-00237-CV, 2011 Tex. App. LEXIS 3596, at *2 (Tex. App.—Waco May 11, 2011, no pet.) (mem. op.). After our review of the entire record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).

If Jesse K., after consulting with counsel, desires to file a petition for review, counsel is still under a duty to timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief."[2] *See In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016).

We affirm the trial court's judgment.

---

[2] We do not address whether counsel's duty requires the filing of a petition for review or a motion for rehearing in the Texas Supreme Court in the absence of the client's professed desire to do so in *Anders* proceedings.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
          Justice Davis, and
          Justice Neill
(Chief Justice Gray concurring)*
Affirmed
Opinion delivered and filed July 31, 2019
[CV06]

*(Chief Justice Gray concurs.  A separate opinion will not issue.  He notes, however, that in this memorandum opinion in an *Anders* disposition of a termination of parental rights on predicate grounds D, E, and O, we do not "show our work" on ground D or E as recently discussed in *In the Interest of N.G.*, No. 18-0508, 2019 LEXIS 465, (Tex. May 17, 2019).  It is not clear from *N.G.* that we have to or that we should.  The burdens of *N.G.* will be substantial and thus costly to the State and Counties with virtually no, if any, benefit to the parents whose rights have been terminated that could not have been better protected in an alternative manner.  Accordingly, I agree that we should not impose the *N.G.* holding to Anders based termination appeals until the Supreme Court of Texas makes it clear that *N.G.* applies to this type of appeal.)

